**\*\*\* FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER \*\*\***

**Electronically Filed
Supreme Court
SCWC-23-0000289
29-JUL-2026
09:15 AM
Dkt. 28 OPA**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

In the Matter of the Request for Payment of,
CHRISTOPHER LAWINSKI, M.D., as Provider for Sean Tilton,
Petitioner/Appellant-Provider-Appellant,

vs.

SCOTT SAIKI, INSURANCE COMMISSIONER,
DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS, STATE OF HAWAI'I,
Respondent/Appellee-Appellee,

and

UNITED SERVICES AUTOMOBILE ASSOCIATION,
Respondent/Appellee-Respondent-Appellee.

SCWC-23-0000289

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-23-0000289; CASE NO. 3CCV-22-0000250)

JULY 29, 2026

DEVENS, C.J., McKENNA, EDDINS, AND GINOZA, JJ.,
AND CIRCUIT JUDGE CHAR, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY EDDINS, J.

**I.**

Sean Tilton was hurt in a car crash. He saw Dr.
Christopher Lawinski, who treated his neck and shoulder injuries

with low level laser therapy.  Lawinski billed Tilton's no-fault insurer, United Services Automobile Association (USAA), for the treatment.  USAA contested the claims.

Lawinski says the law required full payment.

Hawai'i law requires no-fault insurers to pay personal injury protection (PIP) benefits for car-crash injuries.  See Hawai'i Revised Statutes (HRS) § 431:10C-304 (2019).

Two conditions govern whether a treatment qualifies.  It must be appropriate, reasonable, and necessarily incurred because of the accident.  And it must be "substantially comparable to the requirements for prepaid health care plans." HRS § 431:10C-103.5(a) (2019).

Lawinski satisfied the first condition.  Not the second.

That ends his claim.  Because Lawinski offered no evidence that the laser therapy is substantially comparable to what prepaid health plans cover, it was not a covered PIP benefit.

The Intermediate Court of Appeals (ICA) got there too.  It properly determined payment was not required.  But its reasoning is another matter.  The ICA read the second condition as ambiguous.  It is not.

The legislature defined "substantially comparable" in the very next statute, HRS § 431:10C-103.6 (2019).  A phrase the legislature has defined is not ambiguous.  Definitions remove doubt.  The ICA's reading inverts that.

## II.

### A. The Treatment and the Claim

On June 26, 2017, Tilton was injured in a motor vehicle collision. Lawinski, who practices naturopathic and holistic medicine, prescribed massage and low level laser therapy (LLLT). He treated Tilton with LLLT six times. Lawinski billed each fifteen-minute session at $75 under Current Procedural Terminology (CPT) code 97039, an unlisted modality with no preset reimbursement rate.

USAA reimbursed Lawinski $7.17 per session. It recoded the claims to CPT code 97026 for infrared therapy, which it explained "better reflects the services rendered." By Lawinski's own account, infrared treatment is "completely different scientifically" from LLLT.

### B. The Administrative Proceedings

Lawinski requested review of the denials. The matter went to the Office of Administrative Hearings. USAA moved to dismiss. It argued that Lawinski had not shown LLLT was the sort of treatment PIP benefits cover. The hearings officer granted the motion. The Insurance Commissioner adopted the decision.

On appeal, the circuit court reversed. Dismissal without a merits hearing, the court held, was "unauthorized by statute or rule." It remanded.

On remand, a new hearings officer held a merits hearing on February 7, 2022.  Lawinski called Steven Shanks, the president of the company that makes the laser device.  Shanks walked through how the device obtained FDA clearance and testified that LLLT relieves back pain.  But Shanks conceded he had "no idea" whether any prepaid health care plan in Hawai'i covers LLLT.  Lawinski testified too.  He claimed insurers other than prepaid plans had paid him for LLLT, and that the treatment was necessary for Tilton's injuries.  He also acknowledged that no prepaid plan had ever covered his LLLT.  He had never billed one.

The hearings officer ruled for USAA.  The statute required two things: a treatment had to be appropriate, reasonable, and necessarily incurred from the accident, *and* it had to be substantially comparable to the requirements for prepaid health care plans.  Lawinski, the hearings officer found, "did not submit any evidence that LLLT treatment is reimbursed by prepaid health care plans."  So LLLT was not compensable as a PIP benefit.  The Commissioner adopted the decision as final.  See HRS § 431:10C-212(c) (2019).

## C.  The Appeals

The circuit court affirmed.  It held the statute unambiguous and statutory interpretation unnecessary.  Lawinski, the court found, "failed to present any evidence establishing

4

that LLLT therapy [is] substantially comparable to the requirement[s] for prepaid health care plans."

The ICA affirmed by summary disposition order, but on different reasoning. It held that HRS § 431:10C-103.5(a) is ambiguous. The ICA found "doubt and uncertainty" in the phrase "substantially comparable to the requirements for prepaid health care plans." That doubt, it said, was "readily resolved" by the definition in the next statute, HRS § 431:10C-103.6. Applying that definition, the ICA agreed that LLLT was not substantially comparable to prepaid plan coverage and so was not a PIP benefit.

Lawinski applied for cert. He argued that legislative history showed an intent for "generous" benefits covering every "reasonable" treatment. He raised fifteen questions. We accepted review on two: whether the courts and the Commissioner erred (1) in deciding that LLLT was not a PIP benefit under HRS § 431:10C-103.5(a), and (2) on the ambiguity of the statute and the need for statutory interpretation. See Hawai'i Rules of Appellate Procedure Rule 40.1(i) (this court "may limit the question on review").

USAA and the Hawai'i Insurance Commissioner defend the ICA's result. Lawinski filed no reply.

5

III.

This is a secondary appeal. We review the Commissioner's decision under HRS § 91-14(g) (2012 & Supp. 2016). Allstate Ins. Co. v. Schmidt, 104 Hawai'i 261, 264, 88 P.3d 196, 199 (2004). Statutory interpretation is a question of law we decide de novo. Rosehill Trustee of the Linda K. Rosehill Revocable Tr. dated August 29, 1989 v. State, 155 Hawai'i 41, 49, 556 P.3d 387, 395 (2024).

A.   **The Statute is Unambiguous, and it Imposes Two Conditions**

The text controls. An insurer must pay PIP benefits for accident injuries. See HRS § 431:10C-304. The statute defines those benefits:

> Personal injury protection benefits, with respect to any accidental harm, means all appropriate and reasonable treatment and expenses necessarily incurred as a result of the accidental harm and which are substantially comparable to the requirements for prepaid health care plans[.]

HRS § 431:10C-103.5(a).

The conjunction does the work. A treatment must be appropriate, reasonable, and necessary. And it must be substantially comparable to the requirements for prepaid health care plans.

The ICA stumbled at this phrase. It called "substantially comparable to the requirements for prepaid health care plans" ambiguous. But it resolved the doubt it found by reading the very next statute – the one that defines the phrase.

6

A phrase the legislature has defined is not ambiguous.  The definition is the meaning.

Our cases confirm this.  When asked whether a statutory word is unclear, we look first to whether the statute defines it.  See, e.g., State v. Ontai, 84 Hawai'i 56, 60, 929 P.2d 69, 73 (1996) (resolving the meaning of "enterprise" by turning to the statutory definition).  Where the legislature provides a definition, we follow it.

Whole chapters of our code place their definitions up front, apart from the operative provisions.  See, e.g., HRS §§ 205A-1 (2017), 386-1 (2015 & Supp. 2017), 521-8 (2018), 707-700 (2014 & Supp. 2016).  Definitional sections exist to remove doubt, not to manufacture it.

The ICA's reasoning inverts that arrangement.  Under it, a defined term stays murky until the court consults the definition that clears it up — an approach that would make every defined term ambiguous and every definition section a fresh source of uncertainty.  Left standing, that move would not stay confined to PIP.  We decline to let it travel.

The phrase is clear.  The next statute unpacks "substantially comparable":

7

> The benefits provided under section 431:10C-103.5 shall be substantially comparable to the requirements for prepaid health care plans, as provided in chapter 393 and rules of the department of labor and industrial relations, pertaining to the Prepaid Health Care Act. The reference to the Prepaid Health Care Act is only for purposes of describing the coverages and exclusions[.]

HRS § 431:10C-103.6(a).

To decide whether a treatment is a PIP benefit, we ask whether it is substantially comparable to what prepaid health care plans cover, as set by HRS chapter 393 and the Department of Labor and Industrial Relations rules. Id. Those requirements are not frozen; chapter 393 ties them to the plan with the largest number of subscribers in the State, a benchmark that can shift from year to year. See HRS § 393-7(a) (2015).

Because the words are clear, we do not consult legislative history. See Courbat v. Dahana Ranch, Inc., 111 Hawaiʻi 254, 261, 141 P.3d 427, 434 (2006) (legislative history is available when statutory language is ambiguous). That ends Lawinski's pitch for a "generous" reading covering every reasonable treatment.

Even if we did consult the legislative history, it would cut against Lawinski. Before 1997, the statute covered "[a]ll appropriate and reasonable expenses necessarily incurred" for medical and related services, with no comparability clause. 1997 Haw. Sess. Laws Act 251, § 13 at 523. The 1997 amendment added the "substantially comparable" language, expressly

"[t]ying 'personal injury protection benefits' to prepaid health coverages[.]" S. Stand. Comm. Rep. No. 932, in 1997 Senate Journal, at 1255-56. The aim was to rein in costs, not expand coverage. See State Farm Mut. Auto. Ins. Co. v. Gepaya, 103 Hawai'i 142, 148, 80 P.3d 321, 327 (2003). Lawinski reads a narrowing amendment as a broadening one. That's backwards.

The hearings officer had it right. A treatment is a PIP benefit only if it satisfies both conditions. Meeting the first is not enough.

## B. Lawinski Offered No Proof on the Second Condition

Lawinski staked his case on the first condition. He gathered testimony and studies to show that LLLT is effective, appropriate, and necessary. And he leaned on the FDA's clearance of the device. Take all of that as given. None of it speaks to the comparability requirement. Whether the treatment works tells us nothing about what prepaid health care plans cover.

Lawinski had the burden on both conditions. To recover, he had to show under the second condition that LLLT was substantially comparable to the requirements for prepaid health care plans. He did not meet his burden on the record he made. His own expert had "no idea" whether any prepaid plan in Hawai'i covers the therapy. And Lawinski admitted he had never billed a prepaid plan for it. As the hearings officer put it, he "did

9

not submit any evidence that LLLT treatment is reimbursed by prepaid health care plans."  No proof, no recovery.

Lawinski's authorities do not rescue him.  He relies on Richard v. Metcalf, 82 Hawai'i 249, 921 P.2d 169 (1996), and Gamata v. Allstate Ins. Co., 90 Hawai'i 213, 978 P.2d 179 (1999), for the proposition that a treatment qualifies once it is appropriate, reasonable, and necessary.  But both cases construed the pre-1997 statute.  That law contained no comparability clause.  See Gamata, 90 Hawai'i at 221-22 n.18, 978 P.2d at 187-88 n.18 (noting that the definition of "personal injury protection benefits" was later moved and narrowed).  Those cases describe a statute the legislature has since changed.  The second condition controls.  And Lawinski did not meet it.

Lawinski had to prove comparability.  He didn't.

**IV.**

Lawinski may be right that LLLT relieved his patient's pain.  But that answers only one of the statute's two questions.  On the second - whether the treatment is substantially comparable to the requirements for prepaid health care plans - Lawinski showed nothing.

HRS § 431:10C-103.5(a) is unambiguous.

We affirm the ICA's March 17, 2026 Judgment on Appeal, upholding the circuit court and the Commissioner.

Leslie K. Iczkovitz
(on the briefs)
for petitioner

/s/ Vladimir P. Devens

/s/ Sabrina S. McKenna

Christopher J.I. Leong,
Christopher T. Han, and
John E. Cole (on the briefs)
for respondent Scott Saiki,
Insurance Commissioner,
Department of Commerce and
Consumer Affairs, State of
Hawai'i

/s/ Todd W. Eddins

/s/ Lisa M. Ginoza

/s/ Stephanie R.S. Char



Gregory K. Markam and
Keith K. Kato (on the briefs)
for respondent United Services
Automobile Association